UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

AQUENT LLC,

        Plaintiff,

v.                                    Case No: 6:13-cv-1889-Orl-28DAB

MARY STAPLETON and ITALENT LLC,

        Defendants.

## ORDER

This case is before the Court on Plaintiff Aquent LLC's Motion to Extend the Preliminary Injunction. (Doc. 74). On January 3, 2014, the Court held a hearing to determine whether to enter a preliminary injunction and found that an injunction was warranted based on the Florida Uniform Trade Secrets Act but reserved ruling on the proper scope of the injunction. (See Jan. 3 Tr., Doc. 70, at 31-32). Counsel for Defendant Mary Stapleton agreed that Ms. Stapleton would "not contact any of [Aquent's] customers" from the time of the hearing until the preliminary injunction was entered, and the Court ordered this prohibition. (Id. at 34).

The Court entered the preliminary injunction on January 13, 2014, (Doc. 37), and amended it on March 24, 2014, (Doc. 61). The preliminary injunction enjoins Ms. Stapleton from misappropriating Aquent's trade secrets or confidential business information for an indefinite time period. (Id. at 3-4). It also enjoins Ms. Stapleton from "contacting, communicating with, soliciting, attempting to solicit, transacting business with, and/or performing work on behalf of" certain "Clients or Talent" of Aquent until May 13, 2014. (Id.

at 4). The injunction required Aquent to provide Ms. Stapleton with a list of the Clients or Talent that Ms. Stapleton cannot contact for the duration of the injunction. (See id. at 4).

After the injunction was entered, the parties continued litigating its scope, resulting in an amendment to the injunction that further clarified which entities are considered Aquent "Clients" or "Talent." (See id.). Aquent now asks the Court to extend the time period of the preliminary injunction beyond the May 13 expiration date. (Doc. 74). The Court granted Aquent's Emergency Motion to Stay the Expiration of the Preliminary Injunction (Doc. 76),[1] and the entire injunction remains in effect (Doc. 79). The Court heard oral argument regarding the present motion on May 15, 2014. (Mins., Doc. 81). Based on the parties' filings and arguments, the motion to extend the preliminary injunction (Doc. 74) must be granted in part and denied in part.

In its motion, Aquent alleges that the portion of the preliminary injunction that was set to expire on May 13 should be extended for an additional year because Ms. Stapleton misrepresented facts at the time the Court originally granted the preliminary injunction. (Id.). Specifically, Aquent alleges that it recently discovered that Ms. Stapleton used information from Aquent's database to solicit its clients soon after she left Aquent and that she stored Aquent client data by forwarding it to herself and putting it on a cloud storage account which can be accessed by other employees of Ms. Stapleton's new employer,

---

[1] Defendants argue that the motion was not an "emergency" because Aquent had known of the information in the motion for months but "decided to wait and create a self-described emergency at 5:00 p.m. on the Friday before the expiration of the preliminary injunction and the Friday before Mother's Day weekend." (Resp., Doc. 78, at 8). Defendants' point is well-taken. "The unwarranted designation of a motion as an emergency motion may result in the imposition of sanctions." Local Rule 3.01(e). Sanctions are not appropriate at this time, but the Court reminds Plaintiff's counsel that the decision to designate a motion as an emergency should not be made lightly.

Defendant iTalent. (Id. at 2-3). These assertions, if proven, may assist Aquent in obtaining relief on its ultimate claims, but they do not support an extension of the preliminary injunction. The Court already found that Aquent had shown it "would suffer irreparable harm absent the granting of injunctive relief." (Jan. 3 Tr. at 31). Thus, the Court found that Ms. Stapleton possessed information that she could use. Based on that finding, the Court concluded that four months was the appropriate length for the prohibition on client contact. Furthermore, the injunction will continue to forbid misappropriation of Aquent's confidential information, so Ms. Stapleton will only be permitted to contact Aquent's clients to the extent she can do so without relying on Aquent's confidential information.

Aquent also alleges that the preliminary injunction should be extended because Ms. Stapleton has violated the Court's orders. (Doc. 74 at 13-18). Ms. Stapleton added a job for an Aquent Client ("Client 1"[2]) on iTalent's database on January 9, 2014. (See Stapleton Dep., Doc. 75-2, at 24).[3] This action was contrary to the Court's January 3 Order, which prohibited Ms. Stapleton from contacting any Aquent clients until further order by the Court.[4] (Jan. 3 Tr. at 34). After she received the list of prohibited clients from Aquent

---

[2] The parties used various pseudonyms for clients in an attempt to keep their identities secret. The Court's naming system does not necessarily correspond to the names given by the parties.

[3] Portions of Ms. Stapleton's deposition appear in multiple filings. The page numbers in these citations refer to the page numbers of the document on the docket, not the page numbers of the deposition.

[4] At the hearing on this motion, Ms. Stapleton's counsel argued that Ms. Stapleton did not contact Client 1 between the January 3 hearing and the entry of the preliminary injunction, which allowed contact between Ms. Stapleton and Client 1. However, Ms. Stapleton acknowledged that she contacted Client 1 at some point before putting the job on iTalent's database, (Stapleton Dep., Doc. 53-2, at 40-41), and that she had a meeting with Client 1 set up in New York City for the week of January 13 that she planned in late December, (Stapleton Dep., Doc. 75-2, at 24-25). Considering these admissions, it is likely

3

pursuant to the preliminary injunction, Ms. Stapleton also contacted another entity on the list ("Client 2") because she "was under the assumption that [Client 2] was not a client of Aquent's." (Stapleton Dep., Doc. 53-2, at 43). Ms. Stapleton admitted that she did not check the list before contacting the client. (Id. at 43-44). When Ms. Stapleton discovered that Client 2 was on the prohibited list, she emailed some colleagues, asking if they would take the account from her, (Stapleton Dep., Doc. 75-2, at 27), even though the preliminary injunction forbids people in concert with her from performing work on behalf of that client, (Doc. 61 at 3). Furthermore, Aquent alleges that in March and April 2014, Ms. Stapleton contacted another client ("Client 3") that was on the prohibited list. (Klein Decl., Doc. 75, ¶¶ 10-11). At the hearing on this motion, Ms. Stapleton's counsel did not contend that this allegation was false but instead argued that Client 3 should not have been listed as a prohibited client.

These facts show that Ms. Stapleton breached this Court's orders enjoining her from contacting certain Aquent clients. While modifications to the injunction and prohibited list eventually enabled her to contact some of these clients, it is clear that at the time Ms. Stapleton contacted them, she was disobeying this Court's orders. Regardless of whether Ms. Stapleton agreed with the prohibited lists of clients, she was obligated to abide by this Court's orders for the duration of the preliminary injunction, and she did not do so.

Despite Ms. Stapleton's breaches, the remedy requested by Aquent is not justified. Aquent has failed to show actual or imminent harm to justify an extension of the injunction for an additional year. In particular, Aquent failed to show that Ms. Stapleton's behavior

---

that Ms. Stapleton contacted this client at some point between January 3 and the entry of the preliminary injunction.

actually resulted in Aquent losing clients. As noted in the original injunction, the Court is reluctant to forbid Ms. Stapleton from using her contacts and expertise without a non-compete agreement. (Doc. 37 at 6-7). The Court enacted its original four-month injunction to balance Ms. Stapleton's actions with the fact that the parties did not sign a non-compete agreement. The pendency of this motion has already extended the length of the injunction by more than a month. This is a sufficient remedy at this stage for Ms. Stapleton's breaches. The Court will consider a motion for sanctions based on any other violations of this Court's orders that occur or come to light in the future.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Aquent's motion for extension of the preliminary injunction (Doc. 74) is **GRANTED IN PART AND DENIED IN PART**. The motion is **granted** to the extent that the injunction was extended until the date of this Order, and it is otherwise **denied**. Paragraph 2(b) of the preliminary injunction **EXPIRES** on the date of this Order.

**DONE** and **ORDERED** in Orlando, Florida, on June 19, 2014.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record

5